UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Timothy B. Crittendon**, # 247426, | ) C/A No. 4:11-2425-TMC-TER |
| Plaintiff, | ) |
| vs. | ) |
| **Mr. Westley**, Kirkland Corr. Inst.; | ) |
| **Sgt. Houston**, Kirkland Corr. Inst.; | ) |
| **Ms. Rodriguez**, Kirkland Corr. Inst.; | ) Report and Recommendation |
| **Ms. Audrey Daniels Moore**, Kirkland C.I.; | ) (partial summary dismissal) |
| **Warden Mr. McKie**, Kirkland, C.I.; | ) |
| **South Carolina Department of Corrections**; | ) |
| **Counselor Mr. William**, Kirkland C.I.; | ) |
| **Counselor Mr. Holiday**, Kirkland C.I.; | ) |
| **Grievance Coordinator K. Hill**, Kirkland C.I.; | ) |
| **Sgt. Manning,** Evans C.I.; | ) |
| **Lt. Miles**, Evans C.I.; | ) |
| **Nurse Ms. Martin**, Evans, C.I.; | ) |
| **Classification Mr. Bethi**, Evans C.I.; | ) |
| **Classification Mr. Goldburg**, Evans C.I.; | ) |
| **Sgt. River**, Evans C.I.; | ) |
| **Dr. Drayo**, Evans C.I., and | ) |
| **Warden Eagleton**, Evans C.I., | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff raises many claims of cruel and unusual punishment and due process violations against numerous officials and employee of the South Carolina Department of Corrections (SCDC). The majority of the Defendants work at either

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Kirkland R & E Center or Evans Correctional Institution, both places where Plaintiff was previously incarcerated. It appears from the information on the docket of this case that Plaintiff is currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina, having been transferred there from Evans Correctional Institution.

Plaintiff alleges that he filed SCDC institutional grievances about each of the matters of which he complains at the times they occurred (primarily between March and August of 2011), but claims that "[t]hey fail to respone [sic] back to any of them." (ECF No. 1, compl. 2). He seeks damages and injunctive relief.

## **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to several Defendants under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **Analysis**

Initially, the Defendant SCDC is immune from Plaintiff's claims in this case because the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a law suit brought against the State of South Carolina or its integral parts. SCDC, as a South Carolina state agency, is an integral part of the state and, thus, entitled to Eleventh Amendment immunity in this case. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

As a result, to the extent that Plaintiff sues SCDC, this case is subject to partial summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although

express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst*, 465 U.S. at 99n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws, is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (S. C. 1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Additionally, the allegations contained in the Complaint fail to state any potentially viable claims for relief against any of the following Defendants: Mr. Westley, Ms. Rodriguez, Sgt. Houston, Ms. Moore, K. Hill, or Mr. Goldburg based on the following analysis. First, the only allegations of wrongdoing against Mr. Westley are that he failed to provide Plaintiff with certain law-related information and publications that he requested. There are no allegations that this refusal to provide legal information resulted in any type of "injury" to Plaintiff. In absence of such injury, no viable First Amendment "access to court" or any other claim governed by the United States constitution or federal law is stated. *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993). The Complaint should be partially summarily dismissed at to Defendant Westley.

4

Second, the only allegations against Ms. Rodriguez, a corrections officer at Kirkland Correctional Institution, are that she "subjected [Plaintiff] to verbal abuse" on March 31, 2011. It is well settled that verbal abuse by corrections officers does not rise to the level of a constitutional violation. *See Emmons v. McLaughlin*, 874 F. 2d 351, 354 (6th Cir. 1989)(verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (affirming *sua sponte* dismissal of claim based on threats); *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999). The Complaint should be partially summarily dismissed at to Defendant Rodriguez.

Third, the allegations against Sgt. Houston and Ms. Moore involve their participation in a disciplinary violation process (complaint and hearing) against Plaintiff. The hearing resulted in a violation judgment that took away sixty days of Plaintiff's good time credits and placed limitations on certain other inmate privileges. Plaintiff claims that the charges filed by Sgt. Houston were false, that his inmate representative did not properly represent him, and that the hearing was not impartial. All of these allegations of wrongdoing in connection with the disciplinary violation process would necessarily invalidate the judgment if they were true and, therefore, Plaintiff must successfully overturn the judgment by way of appeal, habeas corpus, or otherwise before he can pursue his claims against Sgt. Houston and Ms. Moore. *See Edwards v. Balisock*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). *But see Muhammad v. Close*, 540 U.S. 749, (2004)(Heck not applicable were no good time credits are taken by the administrative judgment). There is no indication that Plaintiff appealed the judgment to the South Carolina Administrative Law Court, much less that he was successful in having it overturned. The Complaint should be partially summarily dismissed as to Sgt. Houston and Ms. Moore.

Fourth, the only allegations that may be liberally construed against Defendant Hill, a grievance coordinator at Kirkland Correctional Institution, are Plaintiff's assertions that none of his institutional grievances have been responded to. Essentially, Plaintiff claims that the grievance system that this Defendant oversees is "not working." Although such assertions have been found sufficient to avoid summary dismissal for lack of administrative exhaustion, *Risher v. Lappin*, 639 F. 3d 236, 240 (6th Cir. 2011); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), they have also been found not to rise to the level of a constitutional violation. *See, e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D. Va. 1994). The Complaint should be partially summarily dismissed at to Defendant Hill.

Finally, following a thorough review of the Complaint, is it determined that there are no allegations of wrongdoing against Defendant Goldburg, a classification officer at Evans Correctional Institution. In absence of any allegations against a defendant, a complaint naming such person is frivolous and subject to summary dismissal. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003). There are certain allegations about refusal to correct prison records upon request against a different classification officer: Bethea, but those allegations cannot be liberally construed as applying to Goldburg because they are based on personal communications between Plaintiff and Bethea. There is nothing in the Complaint that can be seen to apply them to Goldburg as well; however, to the extent that other allegations about Bethea's refusal to re-classify Plaintiff could be liberally construed as applicable to Goldburg, no constitutional claim

is stated because Plaintiff's classification level is not a constitutional issue. *See Wolff v. McDonnell*, 418 U.S. 539, 558-62 (1974); *Mann v. Leeke*, 73 F.R.D. 264, 265-267 (D.S.C. 1974); *Ramey v. Hawk*, 730 F. Supp. 1366, 1372 (E.D. N.C. 1989); *see also Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976)(*citing Meachum v. Fano*: federal courts are not "to assume the role of super wardens of state penal institutions").

## Recommendation

Accordingly, it is recommended that the District Court partially summarily dismiss the Complaint in this case *without prejudice* as to Defendants SCDC, Westley, Rodriguez, Houston, Moore, Hill, and Goldburg. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

The Complaint and pending Motions should be served on the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
May 10, 2012

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).